[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 13, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-16729

_____

D. C. Docket No. 04-01525-CV-ORL-22JGG

JOHN DOE, I,
JENNETTE BENNETT-SEACREST, et al.,

Plaintiffs-Appellees,

versus

FEDERAL AVIATION ADMINISTRATION,
MARION C. BLAKEY,
Federal Aviation Administrator,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 13, 2005)

Before BLACK, WILSON and COX, Circuit Judges.

COX, Circuit Judge:

The Federal Aviation Administration ("the FAA") and its Administrator appeal the district court's order granting a preliminary injunction. We hold that the district court had no subject-matter jurisdiction and therefore vacate the injunction and remand the action with instructions to dismiss for lack of subject-matter jurisdiction.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The Plaintiffs are thirteen aircraft mechanics who were issued airmen certificates pursuant to powers granted by Congress to the FAA. 49 U.S.C. §§ 44702, 44703. After an investigation revealed (and a subsequent criminal trial confirmed beyond a reasonable doubt) that the school from which the Plaintiffs received their airmen certificates fraudulently examined and certified some applicants for those certificates, the FAA concluded that the existence of aircraft mechanics unqualified to hold certificates and perform aircraft maintenance posed a serious threat to air safety. The FAA was unable to determine which of the mechanics who received their certificates from the implicated school had been fraudulently certified. Therefore, the FAA wrote letters to the Plaintiffs (and approximately 2,000 other mechanics who had been certified at the school during the relevant time period) stating that reexamination of their airmen competency was necessary under 49 U.S.C. § 44709. The FAA took no action to suspend or

2

revoke the mechanics' certificates. Rather than submitting to reexamination or refusing reexamination, thereby risking an FAA order suspending or revoking their certificates, the Plaintiffs filed this action in federal district court and sought a preliminary injunction instructing the FAA how to proceed in its process of reexamination.

The district court granted the requested injunction. It prevents the FAA from reexamining the mechanics on an emergency basis pursuant to 49 U.S.C. § 44709; requires the FAA to show cause for reexamining each individual mechanic; and requires the FAA to provide each mechanic with an opportunity to be heard as to why he should not have to submit to reexamination.

## II. CONTENTIONS OF THE PARTIES AND ISSUES ON APPEAL

The FAA challenges the district court's injunction on two grounds. First, it contends that the district court lacked subject-matter jurisdiction to hear the mechanics' case. Second, it contends that, even if the district court had subject-matter jurisdiction, it erred in granting the preliminary injunction. The FAA argues that Congress has established by statute a comprehensive administrative scheme for resolution of disputes between airmen and the FAA and that the statutory scheme denies the district court jurisdiction to resolve these sorts of disputes. *See* 49 U.S.C. § 44709. The Plaintiff mechanics maintain that the

statutory scheme the FAA relies upon is inapplicable in a case like this, where they brought suit before the FAA had taken any action to suspend or revoke their licenses and where they allege that their due process rights would be offended by the FAA's planned reexamination.

## III. STANDARDS OF REVIEW

We review questions of subject-matter jurisdiction de novo. *See Milan Express, Inc. v. Averitt Express, Inc.*, 208 F.3d 975, 978 (11th Cir. 2000).

The district court's decision to grant a preliminary injunction is reviewed for abuse of discretion, but its application of law is reviewed de novo. *Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc.*, 299 F.3d 1242, 1246 (11th Cir. 2002).

## IV. DISCUSSION

The outcome of this case is dictated by Supreme Court precedent that the parties never cited to the district court that issued the injunction. The facts here are so similar to those in *Thunder Basin Coal Co. v. Reich*, 510 U.S. 200, 114 S. Ct. 771 (1994), that review of that case is instructive.

In *Thunder Basin*, the Supreme Court examined the Federal Mine Safety and Health Act, 30 U.S.C. § 801 et seq., ("Mine Act") to determine whether it prevents a district court from exercising subject-matter jurisdiction over a pre-enforcement

4

challenge to Mine Safety and Health Administration (MSHA) actions pursuant to the Mine Act. 510 U.S. at 202, 114 S. Ct. at 774. A mine operator filed suit in district court before MSHA took any enforcement action against it; the operator's lawsuit requested an injunction preventing MSHA from requiring the mine operator to post a notice at its business. *Id.* at 205, 114 S. Ct. at 775. While acknowledging that the Mine Act provided a comprehensive statutory scheme prescribing a process through which the mine operator could challenge the acts of MSHA, the operator alleged that requiring it to comply with that process would cause the operator irreparable harm and violate its due process rights. *Id.*, 114 S. Ct. at 775. The district court granted the injunction. *Id.* at 205-06, 114 S. Ct. at 775-76. The Court of Appeals for the Tenth Circuit reversed, finding that the Mine Act's comprehensive administrative-review scheme precluded district court jurisdiction over the mine operator's claims. *Id.* at 206, 114 S. Ct. at 776. The Supreme Court affirmed the Tenth Circuit, holding that because the Mine Act "establishes a detailed structure for reviewing violations of [the Mine] Act," (including review by an administrative law judge, the Federal Mine Safety and Health Review Commission, and a federal court of appeals) and because that statutory scheme allocated initial review to an administrative body (rather than a federal district court), the district court had no jurisdiction to address the mine

5

operator's complaint. *Id.* at 207, 218, 114 S. Ct. at 776, 782. The Court recognized that the Mine Act was facially silent with respect to pre-enforcement claims but held that the structure of the act demonstrated that Congress intended to preclude challenges to the Mine Act's enforcement in district court. *Id.* at 208, 114 S. Ct. at 777.

The statutory administrative-review scheme at issue in this case functions very much like that established by the Mine Act. The statute in question, 49 U.S.C. §§ 44701-44723 ("the FAA Act" or "the FAA Statute"), charges the FAA with prescribing air safety standards, including certification requirements for (among others) airports, airlines, airplanes, and aircraft pilots and mechanics to "promote safe flight of civil aircraft in air commerce." 49 U.S.C. § 44701(a); *see also* 49 U.S.C. §§ 44702-44706. Pursuant to its authority under the FAA Statute, the FAA may reexamine an airman already holding a certificate. 49 U.S.C. § 44709(a). After that reexamination or "[an]other investigation," the FAA may order, in the interest of safety, that an airman's certificate be amended, modified, suspended or revoked. 49 U.S.C. § 44709(b). An airman adversely affected by such an order has a right to appeal to the National Transportation Safety Board (NTSB) and, subsequently, to a federal court of appeals. 49 U.S.C. § 44709(d), (f). If the FAA has determined that an emergency exists, its order of certificate action

takes effect immediately and the affected airman is entitled to final disposition of his NTSB appeal within sixty days. 49 U.S.C. § 44709(e). If no emergency is designated, the FAA's order of certificate action is stayed pending the resolution of any NTSB appeal. *Id.* Like the Mine Act, the FAA Statute is silent with regard to judicial review of pre-enforcement actions (lawsuits brought before an FAA order of certificate action).

The parties agree that the FAA has the power to reexamine airmen and to suspend and revoke their certificates. They also agree that the NTSB is independent of the FAA. And, the mechanics do not take issue with the fact that the NTSB is both uniquely suited and designated by statute as the sole entity to consider an airman's initial challenge to FAA certificate action. Rather, the mechanics contend that they need not submit to the administrative-review process because the FAA has not yet taken any certificate action and, further, that to require them to wait for such action and then pursue their claims through the administrative appeal process would cause irreparable harm and deprive them of their due process rights.

First, we address the mechanics' claim that the statutorily prescribed administrative-review process is inapplicable because their lawsuit was filed before the FAA took any certificate action. This argument is meritless. If, instead of

7

filing their lawsuit in district court, the mechanics had either: (1) refused to submit to reexamination, or (2) submitted to and failed reexamination, the FAA could have: (1) determined that a safety emergency existed and issued an order suspending or revoking the mechanics' certificates immediately, or (2) issued an order notifying the mechanics of the reasons for its concern and provided them with opportunities to be heard by the NTSB as to why their certificates should not be suspended or revoked. 49 U.S.C. § 44709(b), (c). Once one of these FAA orders was issued, the mechanics' rights to appeal to the NTSB would have vested; and the mechanics could obtain judicial review of any NTSB order in the appropriate federal court of appeals.[1] 49 U.S.C. § 44709(d), (e), (f). The mechanics simply cannot avoid the statutorily established administrative-review process by rushing to the federal courthouse for an injunction preventing the very action that would set the administrative-review process in motion. As with the Mine Act, "[t]o uphold the District Court's jurisdiction in these circumstances would be inimical to the structure and the purpose" of the statutory scheme. *Thunder Basin*, 510 U.S. at 216, 114 S. Ct. at 781.

---

[1]If the FAA did not order any action on a mechanic's airman certificate, no right to appeal to the NTSB would vest. *See* 49 U.S.C. § 44709(d)(1) (granting right to appeal to "[a] person adversely affected by an order of the [FAA] under this section . . . .").

The mechanics' second argument–that their allegation of a constitutional violation removes their complaint from the purview of the statutory review scheme–also fails. Both this court and the Supreme Court have already rejected this argument. *See Thunder Basin*, 510 U.S. at 215, 114 S. Ct. at 780; *Green v. Brantley*, 981 F.2d 514, 520 (11th Cir. 1993).

In *Green*, the plaintiff was a Designated Pilot Examiner who held a FAA certificate. *Green*, 981 F.2d at 516. When the FAA cancelled Green's certificate, he filed suit in the federal district court seeking recovery for constitutional torts he alleged were committed in conjunction with the certificate termination. *Id.* at 518. This court found that the merits of Green's constitutional arguments were "inescapably intertwined with a review of the procedures and merits surrounding the FAA's order." *Green*, 981 F.2d at 521. Because the statute that authorized the FAA action on Green's certificate (the predecessor to the statute at issue in this case) provided for NTSB review of the FAA's order with a right to appeal to a federal court of appeals, Green's suit in federal district court was held to be an impermissible collateral challenge to the agency's action. *Id.* Therefore, the district court lacked subject-matter jurisdiction over Green's suit. *Id.*

The same is true here. The mechanics' constitutional claims (that the FAA has infringed upon their due process rights by failing to observe statutory and

administrative processes) necessarily require a review of the procedures and actions taken by the FAA with regard to the mechanics' certificates. Therefore, the constitutional claims fall within the ambit of the administrative scheme, and the district court is without subject-matter jurisdiction.

The NTSB, a Congressionally designated independent commission, can address the mechanics' constitutional concerns during its review of any FAA order. *See Thunder Basin*, 510 U.S. at 215, 114 S. Ct. at 780 (holding that, where reviewing body is not the agency itself but an independent commission, it may address constitutional questions). And a mechanic is guaranteed a right to appeal the NTSB's decision to the federal court of appeals. 49 U.S.C. § 44709(f). It is true that the FAA Statute (like the Mine Act) provides for delayed judicial review (that is, review by a federal court of appeals after a determination by the administrative commission rather than initial review by a federal district court). *Id.*; *Thunder Basin*, 510 U.S. at 215, 114 S. Ct. at 780. However, the statutory scheme does not deprive the mechanics of all federal court review of their due process allegations. Thus, contrary to the mechanics' contention, this case "does not present the 'serious constitutional question' that would arise if an agency statute were construed to preclude all judicial review of a constitutional claim." *Thunder Basin*, 510 U.S. at 215, n.20, 114 S. Ct. at 780, n.20 (quoting *Bowen v.*

10

*Michigan Academy of Family Physicians*, 476 U.S. 667, 681, n.12, 106 S. Ct. 2133, 2141, n.12 (1986)).

## V.  CONCLUSION

We conclude that *Thunder Basin* and *Green* control this case and therefore vacate the district court's order and remand the action with instructions that it be dismissed for lack of subject-matter jurisdiction.  Because we resolve this dispute on jurisdictional grounds, we do not address the FAA's claim that the district court erred by misapplying the legal standards for issuance of a preliminary injunction.

VACATED AND REMANDED WITH INSTRUCTIONS.