[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14287
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cv-02329-MHC

GREG SHAW,

Plaintiff-Appellant,

versus

ONE WEST BANK, FSB,
MCCURDY & CHANDLER LLC,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(March 31, 2017)

Before WILSON, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Greg Shaw appeals the district court's dismissal of his wrongful foreclosure and breach of contract complaint, and denial of his motion for leave to amend his complaint. On appeal, Shaw argues that dismissal of his complaint for failure to state a claim was improper not only because he met the applicable pleadings standards, but also because the U.S. District Court for the Northern District of Georgia (NDGA) is an improper venue and lacked jurisdiction to review the portion of the case that deals with the Loan Sale Agreement (LSA). After review of the record and the parties' briefs, we affirm.

I.

In 2007, Shaw refinanced his Georgia home with a loan from IndyMac Bank, FSB (IndyMac). When IndyMac became insolvent the next year, the Federal Deposit Insurance Corporation (FDIC) took over the loan and transferred it to OneWest Bank FSB (OneWest). Following the transfer, the FDIC and OneWest entered into the LSA, which limited the parties' options for filing lawsuits to either the Southern District of New York (SDNY) or the District of Columbia (DC). The LSA also made clear that the agreement was made for the sole benefit of OneWest and the FDIC, on behalf of IndyMac, and that no other persons should have rights and remedies under it.

Shaw subsequently went into default and OneWest initiated foreclosure proceedings, enlisting the help of McCurdy & Candler, LLC (McCurdy).

2

Following the foreclosure and hiring of McCurdy, Shaw filed suit against both OneWest and McCurdy in a DC district court. Shaw alleged, among other things, violations of the Fair Debt Collections Practices Act (FDCPA), several breaches of contract, and that he was the victim of wrongful foreclosure. OneWest and McCurdy moved to dismiss, while McCurdy also moved, in the alternative, to transfer the case to the NDGA. Over objections by Shaw, the case was transferred to the NDGA, where Shaw's motion for leave to amend was denied and the case was ultimately dismissed upon both OneWest's and McCurdy's renewed motions to dismiss. This appeal followed.

## II.

First, Shaw challenges the venue and the jurisdiction of the NDGA. We review the district court's determination of subject matter jurisdiction de novo. *Doe v. FAA*, 432 F.3d 1259, 1261 (11th Cir. 2005). The district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. And, if the district court has original jurisdiction, it also has "supplemental jurisdiction over all other claims that are so related . . . that they form part of the same case or controversy." 28 U.S.C. § 1367(a). Furthermore, venue is proper when a civil action is brought in a judicial district where "a substantial part of the events or omissions giving rise to

3

the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(2).[1]

Shaw argues that, as far as the LSA is concerned, exclusive jurisdiction lies with the SDNY or the DC, and that the NDGA is an improper venue. Shaw's arguments are unavailing. The NDGA is the proper venue because the property at issue was located in the NDGA. *See* 28 U.S.C. § 1391(b)(2). Furthermore, the NDGA has jurisdiction because the provision in the LSA limiting jurisdiction to the DC and the SDNY does not apply to Shaw, a non-party to the LSA. Even so, the NDGA has supplemental jurisdiction over the portion of the case dealing with the LSA due to it being "so related . . . that [it is] part of the same case or controversy." 28 U.S.C. § 1367.

## II.

Second, Shaw argues that the district court erred not only in denying him leave to amend his complaint, but also in dismissing the complaint for failure to state a claim. We review a district court's denial of leave to amend a complaint for an abuse of discretion, but we review any legal conclusion as to whether the amendment would have been futile de novo. *SFM Holdings, Ltd. v. Banc of Am. Sec., LLC*, 600 F.3d 1334, 1336 (11th Cir. 2010). "Ordinarily, a party must be

---

[1] We generally review an order transferring venue pursuant to 28 U.S.C. § 1404(a) for an abuse of discretion, however we lack the authority to review this decision because it was made by a DC district court. *See Roofing & Sheet Metal Servs., Inc. v. La Quinta Motor Inns, Inc.*, 689 F.2d 982, 985 (11th Cir. 1982).

given at least one opportunity to amend before the district court dismisses the complaint." *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005) (per curiam). But an opportunity to amend need not be given "where amendment would be futile." *Id*.

Additionally, we review the district judge's grant of a motion to dismiss for failure to state a claim under Rule 12(b)(6) de novo. *Catron v. City of St. Petersburg*, 658 F.3d 1260, 1264 (11th Cir. 2011). The plaintiff must allege sufficient facts to render the claim "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007). Mere conclusory statements in support of a thin recitation of the elements of a claim are insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).

Because Shaw's proposed amendments were futile, the court did not abuse its discretion in denying him an opportunity to amend. Shaw's proposed amendments either largely mirrored his original complaint or failed to propose any new claims that would entitle him to relief. Furthermore, Shaw's original complaint was properly dismissed because all of Shaw's claims fail to allege a violation of the law.

Shaw's breach of contract claims fail as a matter of law. In order to establish a breach of contract claim under Georgia law, a plaintiff must prove (1) a breach of the contract and (2) resultant damages (3) to the party who has

5

enforceable rights under the contract.  *Inland Atl. Old Nat'l Phase I, LLC v. 6425 Old Nat'l, LLC*, 766 S.E.2d 86, 92 (Ga. Ct. App. 2014).  Shaw lacked standing to challenge agreements to which he was not a party or a third party beneficiary.  *See Ames v. JP Morgan Chase Bank, N.A.*, 783 S.E.2d 614, 620 (Ga. 2016).  And with respect to the agreements in which he did have standing, Shaw failed to plead any damages.

Shaw also failed to state a valid wrongful foreclosure claim.  Georgia law requires a plaintiff asserting a claim of wrongful foreclosure to establish a legal duty owed by the foreclosing party and damages caused by the breach.  *All Fleet Refinishing, Inc. v. W. Ga. Nat. Bank*, 634 S.E.2d 802, 807 (Ga. Ct. App. 2006).  Shaw failed to allege facts showing that he sustained an injury as the result of a wrongful foreclosure.

Lastly, Shaw cannot prevail on his FDCPA claims.  In order to state a claim under the FDCPA, a plaintiff must plausibly allege, "among other things, (1) that the defendant is a debt collector and (2) that the challenged conduct is related to debt collection."  *Reese v. Ellis, Painter, Ratterree & Adams LLP*, 678 F.3d 1211, 1216 (11th Cir. 2012) (internal quotation marks omitted).  The FDCPA generally defines the term "debt collector" as "any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C.

§ 1692a(6).  Shaw failed to allege facts showing that OneWest or McCurdy, were debt collectors under the FDCPA.  Furthermore, even if Shaw did establish that either OneWest or McCurdy, or both were debt collectors, he failed to sufficiently plead their violations of the FDCPA and instead pled only conclusory statements.

The district court properly dismissed Shaw's original complaint and denied his motion for leave to amend his complaint because each claim presented in his Proposed Amended Complaint was futile and each claim in his original complaint failed to state a claim upon which relief could be granted.

**AFFIRMED**