[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-16393

_____

D. C. Docket No. 09-22354-CV-PCH

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 28, 2010
JOHN LEY
CLERK

LAUDY R. IBARRA,

Plaintiff-Appellant,

versus

LINDA SWACINA,
Director, United States Citizenship &
Immigration Services, Miami and
Caribbean District,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 28, 2010)

Before DUBINA, Chief Judge, BLACK, Circuit Judge, and GOLDBERG,* Judge.

PER CURIAM:

_____

*Honorable Richard W. Goldberg, United States Court of International Trade Judge, sitting by designation.

Laudy R. Ibarra appeals the district court's dismissal of her complaint under the Administrative Procedure Act (APA), 5 U.S.C. § 701 *et. seq*, for lack of subject matter jurisdiction. Ibarra seeks review of the United States Citizenship and Immigration Services' (USCIS) denial of her I-485 application for adjustment to legal permanent resident status. Ibarra asserts the district court erred in concluding she has not exhausted her administrative remedies as required by the APA because she is required to first go through removal proceedings.[1] After review, we affirm the district court's dismissal.

The APA establishes judicial review is not available until "an aggrieved party has exhausted all administrative remedies expressly prescribed by statute or agency rule." *Darby v. Cisneros*, 509 U.S. 137, 146 (1993). At that point, "the agency action is 'final for the purposes of this section' and therefore 'subject to judicial review.'" *Id.* (quoting 5 U.S.C. § 704). The regulation regarding the USCIS's denial of an application for adjustment of status allows an alien "to renew his or her application in [removal] proceedings." 8 C.F.R. § 245.2(a)(5)(ii). Once an alien is placed in removal proceedings, "the immigration judge hearing

_____

[1] Ibarra further asserts the district court erred in concluding a determination that an alien is not entitled to adjust her status pursuant to the Cuban Adjustment Act is a discretionary matter not subject to review under 8 U.S.C. § 1252(a)(2)(B)(ii). As we affirm the district court's conclusion it lacked jurisdiction under the APA, we need not address this issue.

2

the proceeding has exclusive jurisdiction to adjudicate any application for adjustment of status the alien may file." 8 C.F.R. § 1245.2(a)(1).

Ibarra is currently in removal proceedings, and will participate in a removal hearing on January 6, 2011. Ibarra concedes that she is renewing her adjustment of status application in removal proceedings, which gives her another opportunity to obtain adjustment of status. The decision on her adjustment of status is not yet final, as an adjustment of status "decision is final where there are no deportation proceedings pending in which the decision might be reopened or challenged." *Pinho v. Gonzales*, 432 F.3d 193, 202 (3d Cir. 2005).[2] Moreover, because the immigration judge has exclusive jurisdiction over Ibarra's adjustment of status application, remand to the USCIS would be futile at this point.

Ibarra's case is different from *Mejia Rodriguez v. U.S. Dep't of Homeland Sec.*, 562 F.3d 1137, 1145 (11th Cir. 2009). In that case we held the USCIS's dismissal of Mejia Rodriguez's appeal of his application for Temporary Protected Status (TPS) was a final agency decision, and thus the district court had jurisdiction under the APA to review his claim challenging the USCIS's decision.

---

[2] In *Pinho*, the Third Circuit held the district court had jurisdiction under the APA in a case challenging the USCIS's denial of adjustment of status to an alien. Unlike Ibarra, however, the alien had not yet been placed in removal proceedings. *Pinho*, 432 F.3d at 196, 202. We do not have before us and therefore do not decide whether we have jurisdiction under the APA if the alien has not yet been placed in removal proceedings.

*Id.* at 1145-46. The TPS regulations, similar to the adjustment of status regulations, permit *de novo* review of an alien's eligibility for TPS by an immigration judge if the alien is placed into removal proceedings after the denial of his TPS application by the USCIS. *Id.* at 1145, citing 8 C.F.R. §§ 244.10(d)(1), 244.11. We concluded those regulations were inapplicable to the circumstances regarding Mejia Rodriguez's TPS application because Mejia Rodriguez had already gone through removal proceedings before his application for TPS was denied by the USCIS, and there was an existing, final order of removal against him. *Id.* We declined to require Mejia Rodriguez to "demand[] that the [Board of Immigration Appeals] *sua sponte* re-open his prior removal proceedings to review his TPS eligibility." *Id.* at 1145 n.16. We did not decide whether the district court would have jurisdiction under the APA if Mejia Rodriguez had currently been in removal proceedings, as Ibarra is here.

The district court did not err in concluding it lacked jurisdiction under the APA to review the denial of Ibarra's application for adjustment of status. Accordingly, we affirm the district court's dismissal of Ibarra's case for lack of jurisdiction under the APA.

**AFFIRMED.**

4