[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-14525
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 18, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:10-cv-21049-JLK

RODRIGO AGUILERA,

                                                            Plaintiff - Appellant,

versus

DISTRICT DIRECTOR, USCIS, MIAMI, FLORIDA,
ATTORNEY GENERAL, UNITED STATES,
SECRETARY OF DEPARTMENT OF HOMELAND SECURITY,
US ATTORNEY'S OFFICE,

                                                            Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 18, 2011)

Before CARNES, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

Rodrigo Aguilera, an alien in removal proceedings, challenges the district court's dismissal of his complaint, filed pursuant to the Mandamus Act, 28 U.S.C. § 1361, the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 702 and 706, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, in which he apparently requested that the district court declare that he had been previously paroled into the United States and order the U.S. Citizenship and Immigration Service ("USCIS") to act on his application for adjustment of status. On appeal, Aguilera argues that: (1) the district court erred by dismissing his complaint for lack of subject matter jurisdiction, because he alleged a due process violation based on the USCIS's failure to inform him of his right to appeal from its decision denying his I-485 application for adjustment of status and I-601 application for a waiver of inadmissibility, filed under the Immigration and Nationality Act ("INA"); and (2) he was eligible for a waiver and to adjust his status, and that the district court erred by not requiring the USCIS to act favorably on his applications. After thorough review, we affirm.

We review de novo a district court's order granting a motion to dismiss for lack of subject matter jurisdiction and its interpretation and application of statutory provisions. See Chaney v. Tenn. Valley Auth., 264 F.3d 1325, 1326 (11th Cir. 2001); see also Mejia Rodriguez v. U.S. Dep't of Homeland Sec., 562 F.3d 1138, 1142 (11th Cir. 2009). Issues not raised below are deemed waived, see Four Seasons Hotels &

2

Resorts, B.V. v. Consorcio Barr, S.A., 377 F.3d 1164, 1168-69 (11th Cir. 2004), and passing references to an issue are insufficient to raise a claim, see Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228-29 n.2 (11th Cir. 2005).

The INA's judicial review statute eliminates review by any court of discretionary decisions or actions of the Attorney General or Secretary of Homeland Security. 8 U.S.C. § 1252(a)(2)(B)(ii). With regard to the review of denials of discretionary relief, the statute provides as follows:

> Notwithstanding any other provision of law . . . and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review . . . any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229b, 1229c, or 1255 [adjustment of status] of this title.

8 U.S.C. § 1252(a)(2)(B)(i). Although the INA precludes judicial review of the discretionary denial of an application for adjustment of status, it does not preclude review by an appellate court of non-discretionary legal decisions that pertain to constitutional issues or statutory eligibility for discretionary relief. 8 U.S.C. § 1252(a)(2)(D); see also Chacon-Botero v. U.S. Att'y Gen., 427 F.3d 954, 957 (11th Cir. 2005). However, an alien may not "cloak[] an abuse of discretion argument in constitutional garb" by couching such a claim in constitutional language. Arias v. U.S. Att'y Gen., 482 F.3d 1281, 1284 (11th Cir. 2007).

3

Moreover, the regulation regarding the USCIS's denial of an application for adjustment of status provides that no appeal lies from the denial of an application by USCIS. 8 C.F.R. § 1245.2(a)(5)(ii). However, an alien may "renew his or her application in [removal] proceedings." Id. Once an alien is placed in removal proceedings, "the immigration judge hearing the proceeding has exclusive jurisdiction to adjudicate any application for adjustment of status the alien may file." 8 C.F.R. § 1245.2(a)(1)(i).

The APA establishes that judicial review is not available until "an aggrieved party has exhausted all administrative remedies expressly prescribed by statute or agency rule." Ibarra v. Swacina, 628 F.3d 1269, 1269 (11th Cir. 2010) (quotation omitted). Once administrative remedies have been exhausted, the agency's action is final and, therefore, subject to judicial review. Id. However, even if an action is final, the APA specifically provides that it does not apply where "statutes preclude judicial review." 5 U.S.C. § 701(a)(1); Mejia Rodriguez, 562 F.3d at 1142.

Under 28 U.S.C. § 1361, otherwise known as the Mandamus Act, the district court has original jurisdiction over a mandamus action "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361; see also Cash v. Barnhart, 327 F.3d 1252, 1257 (11th Cir. 2003). The test for jurisdiction is whether mandamus would be an appropriate

4

means of relief, and such relief is only appropriate when: (1) the plaintiff has a clear right to the relief requested; (2) the defendant has a clear duty to act; and (3) no other adequate remedy is available. Cash, 327 F.3d at 1258. In other words, "a writ of mandamus 'is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty.'" Id. (quoting Heckler v. Ringer, 466 U.S. 602, 616 (1984)).

The Declaratory Judgment Act does not establish an independent basis for federal jurisdiction. See Seibert v. Baptist, 594 F.2d 423, 428 (5th Cir. 1979).[1] The Declaratory Judgment Act is "an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." Wilton v. Seven Falls Co., 515 U.S. 277, 287 (1995) (quotation omitted). It only gives the federal courts competence to make a declaration of rights; it does not impose a duty to do so. Brillhart v. Excess Ins. Co. of America, 316 U.S. 491, 494 (1942).

Here, the district court did not err in dismissing Aguilera's complaint for lack of subject matter jurisdiction, because the INA expressly provides that the denial of an application for adjustment of status is not reviewable by any court. 8 U.S.C. § 1252(a)(2)(B)(i). While the INA allows for judicial review of non-discretionary legal

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit issued before October 1, 1981.

decisions that pertain to constitutional issues or statutory eligibility for discretionary relief, 8 U.S.C. § 1252(a)(2)(D); Chacon-Botero, 427 F.3d at 957, Aguilera's passing reference to a due process claim in his counseled complaint -- even assuming he did not waive the claim by failing to provide any argument for it -- still did not create jurisdiction in the district court. Indeed, a claim that his due process rights were violated by USCIS's failure to notify him of his "right" to appeal is meritless, because he had no right to appeal. See 8 C.F.R. § 1245.2(a)(5)(ii). Additionally, to the extent he challenges the denial of his I-485 application and application for waiver of inadmissability, he is only couching the USCIS's use of discretion as a constitutional claim, which would not create jurisdiction. See Arias, 482 F.3d at 1284. Therefore, the jurisdiction-stripping provision under § 1252(a)(2)(B) bars jurisdiction under the APA and the Mandamus Act.

Moreover, Aguilera could not invoke either the APA or the Mandamus Act, because the USCIS does not have a clear duty to rule favorably on his I-485 application, and he still has remedies available to him, as he is in removal proceedings where he can pursue this and any other application for relief. See Ibarra, 638 F.3d at 1269; Cash, 327 F.3d at 1257-58. Finally, because Aguilera is in removal proceedings, the USCIS no longer has jurisdiction to consider his claims for relief, and therefore, the district court could not grant relief even if it had jurisdiction over

6

the complaint. 8 C.F.R. § 1245.2(a)(1); see also Nyaga v. Ashcroft, 323 F.3d 906, 916 (11th Cir. 2003) (holding that where an agency is unable to act on requested relief, the district court should dismiss a mandamus action as moot). Lastly, the Declaratory Judgment Act did not provide an independent basis for jurisdiction. See Seibert, 594 F.2d at 428. Accordingly, we affirm.

**AFFIRMED.**