FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 20 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PATRICIA AUDREY PETERS,

           Plaintiff - Appellant,

  v.

JANET A. NAPOLITANO, Secretary of
the United States Department of Homeland
Security,

           Defendant - Appellee.

No. 10-55889

D.C. No. 2:08-cv-05083-GHK-SS
Central District of California,
Los Angeles

ORDER

Before: TALLMAN, CLIFTON, and CALLAHAN, Circuit Judges.

     This case is submitted as of the file date of this order.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PATRICIA AUDREY PETERS, | No. 10-55889 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-05083-GHK-SS |
| v. | |
| JANET A. NAPOLITANO, Secretary of the United States Department of Homeland Security, | ORDER* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
George H. King, Chief District Judge, Presiding

Argued August 6, 2013
Submitted March 20, 2014
Pasadena, California

Before: TALLMAN, CLIFTON, and CALLAHAN, Circuit Judges.

Patricia Peters appeals the district court's judgment affirming, under the

Administrative Procedure Act (APA), United States Citizenship and Immigration

Services' (USCIS) denial of Peters' application for adjustment of status.  Three

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

days after the district court entered judgment, USCIS issued a Notice to Appear commencing removal proceedings. Because the commencement of removal proceedings forecloses any plausible relief on Peters' APA claim, we dismiss this appeal as moot.

Under *Cabaccang v. U.S. Citizenship and Immigration Services*, 627 F.3d 1313, 1315–17 (9th Cir. 2010), a district court loses subject-matter jurisdiction of an APA claim challenging USCIS's denial of an application for adjustment of status once removal proceedings have begun and the same relief may be pursued before the immigration court. Peters concedes that if we were to find error in the district court's resolution of the claim, the district court could not enter a judgment for Peters on remand. And even assuming we could remand directly to USCIS, such a remand would be "futile at this point" because now "the immigration judge has exclusive jurisdiction over [Peters'] adjustment of status application[.]" *Ibarra v. Swacina*, 628 F.3d 1269, 1270 (11th Cir. 2010).

As for her challenge to the decision of USCIS, the commencement of removal proceedings has left Peters without a "legally cognizable interest in the outcome," *Powell v. McCormack*, 395 U.S. 486, 496–97 (1969), and reduced her appeal of the agency's resolution to an abstract exercise. "It has been long settled that a federal court has no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect

the matter in issue in the case before it." *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992) (citation and internal quotation marks omitted). When "an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief[,] . . . the appeal must be dismissed." *Id.* (internal quotation marks omitted).

The appeal is **DISMISSED** as moot.