[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-11193
_____

D.C. Docket No. 1:18-cv-24027-CMA

CANAL A MEDIA HOLDING, LLC,
ERICK ARCHILA,

                                                Plaintiffs-Appellants,

versus

UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, et al.,

                                                Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 8, 2020)

Before MARTIN and NEWSOM, Circuit Judges, and WATKINS,* District Judge.

MARTIN, Circuit Judge:

_____
* Honorable W. Keith Watkins, United States District Judge for the Middle District of Alabama, sitting by designation.

Plaintiffs Canal A Media Holding, LLC ("Canal A Media") and Erick Archila appeal the District Court's dismissal of their amended complaint for lack of subject-matter jurisdiction. They seek to challenge the decision by the United States Citizenship and Immigration Services ("USCIS") to deny Canal A Media's petition for a work visa for Mr. Archila. Having carefully reviewed this case, and with the benefit of oral argument, we have decided that the denial of Canal A Media's visa petition was final agency action under the Administrative Procedure Act ("APA"). Also, we hold that 8 U.S.C. § 1252(b)(9) and (g) do not bar the Plaintiffs' challenge to the visa petition denial. In keeping with these decisions, we reverse the District Court's dismissal of the Plaintiffs' claims.

**I.**

A. FACTUAL BACKGROUND

On appeal of a district court's grant of the motion to dismiss, our Court must accept the factual allegations in the plaintiffs' pleadings as true and construe them in the light most favorable to the plaintiffs. Perez v. USCIS, 774 F.3d 960, 964 (11th Cir. 2014) (per curiam).

Established in 2006, Canal Antigua, S.A. ("Canal Antigua") is a major news and entertainment media company in Guatemala. In 2016, Canal Antigua formed a wholly owned U.S.-based subsidiary, Canal A Media, as part of an effort by Canal Antigua to reach Spanish-speaking Central Americans in the U.S. media market.

Canal Antigua wanted its president, Erick Archila, to serve as president of Canal A Media.  Mr. Archila, a Guatemalan national, is not a U.S. citizen.  On November 25, 2016, Canal A Media filed with USCIS a Form I-129 Petition for a Nonimmigrant Worker ("I-129") on behalf of Mr. Archila.  An I-129 is the first step on the road to an "L-1A" visa, which allows a multinational corporation to transfer one of its "managerial" or "executive" employees to a branch, "affiliate," or "subsidiary" of that company located in the United States.  See 8 U.S.C. § 1101(a)(15)(L); 8 C.F.R. § 214.2(*l*)(1)(i), (2)(i).  At that time, Mr. Archila was already lawfully present in the United States on a "B-2" visitor visa.  The I-129 thus requested that USCIS change Mr. Archila's status from B-2 to L-1A.

After Canal A Media submitted the I-129, the Department of Homeland Security ("DHS") initiated removal proceedings against Mr. Archila, charging him with removability for overstaying his B-2 visa.  Mr. Archila then filed an application for asylum before the immigration judge ("IJ") in charge of his removal proceedings.  Mr. Archila is still in removal proceedings and his asylum application remains pending with the IJ.

USCIS denied Canal A Media's I-129 on July 24, 2017.  The denial was based on USCIS's finding that Canal A Media failed to establish a subsidiary relationship with Canal Antigua, as required by 8 U.S.C. § 1101(a)(15)(L).  The agency came to this conclusion "because there was no 'evidence of capital

3

contribution [of Canal Antigua] in exchange for ownership [of Canal A Media].'"

R. Doc. 36 ¶ 31 (alterations in original) (quoting R. Doc. 36-1 at 4). Even though

Canal A Media—pursuant to a request by USCIS—submitted evidence seeking to

establish the agency's capital-contribution requirement, USCIS rejected this

evidence because (1) a wire transfer Canal A Media submitted to show that Canal

Antigua was financing Canal A Media was in Guatemalan currency, not U.S.

Dollars; (2) the transfer occurred after the date Canal A Media filed the I-129; and

(3) Canal A Media did not present evidence that Canal Antigua authorized the

transfer. Id. ¶ 32; see id. ¶ 28.

B. PROCEEDINGS IN THE DISTRICT COURT

On September 1, 2017, Canal A Media and Mr. Archila filed a federal

complaint in the Central District of California challenging USCIS's denial of the

I-129. The Defendants are USCIS; DHS, of which USCIS is a component agency;

the Director of USCIS; the Secretary of Homeland Security; and the Director of the

USCIS California Service Center, the center that adjudicated Canal A Media's

I-129. On September 30, 2018, the complaint was ordered transferred to the

Southern District of Florida, where Mr. Archila resides and in which Canal A

Media is incorporated. The Plaintiffs then filed an amended complaint, which is

the operative pleading in this case and which we refer to as the "Complaint."

4

The Plaintiffs contend that USCIS's capital-contribution requirement has no basis in "statute, regulation, case law, or other authority."  They also say Canal A Media did in fact satisfy the capital-contribution requirement in its response to USCIS's request for evidence.  The Plaintiffs claim that USCIS's adoption of the capital-contribution requirement violated the APA; the new rule was improperly retroactively applied, harming both Canal A Media and Mr. Archila; and the denial of the I-129 violated Canal A Media's due process.  They seek, among other relief, a declaration that USCIS acted unlawfully in denying Canal A Media's I-129 and an injunction requiring USCIS to approve the I-129 and grant Mr. Archila an L-1A visa.

The Defendants moved to dismiss the Complaint for lack of subject-matter jurisdiction.  The Defendants argued the Plaintiffs cannot challenge the I-129 denial because there is no "final agency action" given the pendency of removal proceedings against Mr. Archila.  They also argued that judicial review of USCIS's decision is precluded by 8 U.S.C. § 1252(g) and that, to the extent the Plaintiffs do have any valid claims, 8 U.S.C. § 1252(b)(9) (known as the "zipper clause") requires those claims be brought in Mr. Archila's removal proceedings.  The Plaintiffs opposed the motion.

On March 27, 2019, the District Court granted the motion to dismiss.  Canal A Media Holding, LLC v. USCIS, 369 F. Supp. 3d 1312, 1324 (S.D. Fla. 2019).

5

The court first held the denial of the I-129 was not final agency action because Mr. Archila's removal proceedings are ongoing. Id. at 1319–21. The District Court held alternatively that § 1252(g) bars review of the I-129 denial "because this action was filed after Mr. Archila's removal proceedings commenced and unmistakably sought to moot those proceedings." Id. at 1321. The District Court also ruled that § 1252(b)(9) requires any claims the IJ or BIA cannot resolve be brought to the Court of Appeals after Mr. Archila is ordered removed. Id. at 1322–23. The Plaintiffs timely appealed.

## II.

The APA provides a general authorization of judicial review for cases in which "review [of agency action] is sought not pursuant to specific authorization in the substantive statute." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 882, 110 S. Ct. 3177, 3185 (1990); see Fanin v. U.S. Dep't of Veterans Affairs, 572 F.3d 868, 877 (11th Cir. 2009) (stating that judicial review of agency action can be sought via the APA when "the statute allegedly violated does not provide a private right of action"). This provision applies here, where the challenged agency action is the denial of a visa petition. See Cabaccang v. USCIS, 627 F.3d 1313, 1315 (9th Cir. 2010).

In our circuit, dismissal for the reason that the challenged agency action was not a final order is a dismissal for lack of subject-matter jurisdiction. See LabMD,

6

Inc. v. FTC, 776 F.3d 1275, 1278, 1280 (11th Cir. 2015).  That is true, too, for

dismissals under 8 U.S.C. § 1252(b)(9) and (g).  See Madu v. U.S. Att'y Gen., 470

F.3d 1362, 1365–66 (11th Cir. 2006).  We review de novo dismissal for lack of

subject-matter jurisdiction.  LabMD, 776 F.3d at 1278.

## III.

As set out above, the District Court dismissed the Complaint based on the

APA as well as two of 8 U.S.C. § 1252's jurisdictional provisions.  After careful

review, we conclude the District Court erred in its analysis of all three grounds for

dismissal.  We therefore reverse its dismissal of the Complaint.

A. APA FINALITY

In order to bring suit under the APA, plaintiffs must demonstrate that the

decision at issue was "final agency action."  5 U.S.C. § 704; Lujan, 497 U.S. at

882, 110 S. Ct. at 3185.  The Supreme Court has set forth a two-part test for

determining whether agency action is "final" under the APA:  "First, the action

must mark the consummation of the agency's decisionmaking process—it must not

be of a merely tentative or interlocutory nature.  And second, the action must be

one by which rights or obligations have been determined, or from which legal

consequences will flow."  U.S. Army Corps of Eng'rs v. Hawkes Co., 578 U.S.

___, 136 S. Ct. 1807, 1813 (2016) (quoting Bennett v. Spear, 520 U.S. 154, 177–

78, 117 S. Ct. 1154, 1168 (1997)).  The "core question" about finality "is whether

7

the agency has completed its decisionmaking process, and whether the result of that process is one that will directly affect the parties." Franklin v. Massachusetts, 505 U.S. 788, 797, 112 S. Ct. 2767, 2773 (1992).

The District Court found that USCIS's denial of Canal A Media's I-129 was not final agency action. In the eyes of the District Court, neither prong of the finality analysis was satisfied in this case because Mr. Archila, the beneficiary of the I-129, can still receive "similar relief to what he seeks here—lawful status in the United States"—through his removal proceedings. Canal A Media, 369 F. Supp. 3d at 1319. The District Court said that the Plaintiffs must wait until there is "a final decision on [Mr. Archila's] immigration status at the end of removal proceedings" before they can file an APA suit raising the claims in their Complaint. Id. at 1320.

The District Court erred in its analysis of both finality prongs. First, the I-129 denial was the consummation of USCIS's decision-making process because it was the agency's final word on the matter. USCIS's decision was neither "the ruling of a subordinate official" nor a "tentative" recommendation on the visa petition. See Franklin, 505 U.S. at 797, 112 S. Ct. at 2773 (quoting Abbott Labs. v. Gardner, 387 U.S. 136, 151, 87 S. Ct. 1507, 1517 (1967)). This Court's ruling in Perez supports our conclusion on this point. In that case, Aaron Camacho Perez was ordered removed and, in a separate proceeding, USCIS denied his petition for

8

adjustment of status under the Cuban Adjustment Act. See 774 F.3d at 962–63. A panel of this Court held that Mr. Perez satisfied the finality requirement because the IJ in his removal proceedings had no authority to review USCIS's denial of his adjustment petition. Id. at 966. In the case before us, as in Perez, the IJ in Mr. Archila's removal proceedings has no authority to alter USCIS's decision to deny Canal A Media's visa petition. See Matter of Aurelio, 19 I. & N. Dec. 458, 460 (BIA 1987) ("[I]t is well established that immigration judges have no jurisdiction to decide visa petitions . . . ."); see also Oral Argument Recording at 21:02–21:13 (June 9, 2020) (Defendants' Counsel: "[The IJ] does not have jurisdiction to review the visa decision."); see generally 8 C.F.R. § 214.2(l) (setting forth procedures for securing approval of L-1A visa, including filing an I-129 petition). Therefore here, as in Perez, USCIS's decision consummated its decision-making process, making the denial of the I-129 final.

The Defendants attempt to distinguish Perez because Mr. Perez, unlike Mr. Archila, had already been ordered removed when he filed his federal complaint. True, but this fact was irrelevant to Perez's finality analysis. What matters is whether the decision is subject to further review. See Perez, 774 F.3d at 966 (stating that, even if the IJ "may have purported" to attempt to review Mr. Perez's second adjustment denial, USCIS's action was final because the IJ "lacked jurisdiction to adjudicate or to readjudicate" the petition (emphasis added)). This

9

conclusion is in line with Ibarra v. Swacina, 628 F.3d 1269 (11th Cir. 2010) (per curiam).  In Ibarra, a panel of this Court held that federal courts may not hear an APA claim regarding denial of a petition for status adjustment if there are "deportation proceedings pending in which the [adjustment] decision might be reopened or challenged."  Id. at 1270 (quotation marks omitted).  There is no such opportunity in this case, which means the agency proceedings have been consummated.

USCIS's denial of the I-129 also satisfies the second prong of the finality test because it conclusively determined the Plaintiffs' legal rights and obligations. In deciding to the contrary, the District Court failed to consider whether Canal A Media, the visa petitioner, can participate in Mr. Archila's removal proceedings. Canal A Media is not a party to Mr. Archila's removal proceeding and has no standing to request an L-1A visa for him in that forum.  See Br. of Appellants at 19 n.4.  The importance of this factual wrinkle is clearly shown by Ibarra, in which our Court held USCIS's denial of the plaintiff's application for adjustment to legal permanent resident status was not final agency action because the petitioner could (and did) renew her adjustment application in her removal proceedings.  628 F.3d at 1270.  Since it has no further "opportunity to obtain" a change in Mr. Archila's status, Canal A Media has received a final adjudication of its rights and obligations regarding the I-129.  See id.  Two cases cited by the Defendants, Dhakal v.

10

Sessions, 895 F.3d 532 (7th Cir. 2018), and Jama v. DHS, 760 F.3d 490 (6th Cir. 2014), are distinguishable for similar reasons.  In both cases, the court of appeals held that the denial of an adjustment petition was not final where the plaintiff himself had the ability to receive the same or nearly identical relief in his removal proceedings.  See Dhakal, 895 F.3d at 540; Jama, 760 F.3d at 496–97.  Not so here.

*    *    *

USCIS's denial of Canal A Media's I-129 was final because Canal A Media has gone as far as it can in obtaining administrative adjudication of the I-129 and neither Plaintiff can displace that decision through Mr. Archila's removal proceedings.  The District Court thus erred in dismissing the Complaint for failure to satisfy the APA's finality requirement.

B. JURISDICTIONAL PROVISIONS OF THE IMMIGRATION LAWS

We turn now to 8 U.S.C. § 1252, Congress's comprehensive scheme for judicial review of removal orders.  The District Court held that regardless of whether USCIS's denial of the I-129 was final agency action, the Complaint was due to be dismissed under § 1252(b)(9) and (g).  We disagree on both counts.

1.  Section 1252(b)(9): the "Zipper Clause"

Section 1252(b)(9)—commonly known as the "zipper clause"—"bars review of claims arising from 'action[s]' or 'proceeding[s] brought to remove an alien.'" DHS v. Regents of Univ. of Cal., 591 U.S. ___, 140 S. Ct. 1891, 1907 (2020)

11

(alterations in original) (quoting 8 U.S.C. § 1252(b)(9)).  As the Supreme Court recently explained, the zipper clause "does not present a jurisdictional bar where those bringing suit are not asking for review of an order of removal, the decision to seek removal, or the process by which removability will be determined."  Id. (alterations adopted) (quotation marks omitted).  Our Court has similarly clarified that the zipper clause only affects cases that "involve[] review of an order of removal."  Madu, 470 F.3d at 1367.

The District Court dismissed the Complaint as barred by 8 U.S.C. § 1252(b)(9).  See Canal A Media, 369 F. Supp. 3d at 1322–23.  Without reference to Madu, the court applied the zipper clause because it found the Plaintiffs' claims to be "inextricably linked to any ultimate removal order against Mr. Archila."  Id. at 1322.  This was error.

The District Court's expansive interpretation of the zipper clause does not square with that provision's "narrow" scope.  See Regents, 140 S. Ct. at 1907.  The zipper clause is not intended to cut off claims that have a tangential relationship with pending removal proceedings.  See J.E.F.M. v. Lynch, 837 F.3d 1026, 1032 (9th Cir. 2016) ("[C]laims that are independent of or collateral to the removal process do not fall within the scope of § 1252(b)(9).").  Instead, a claim only "aris[es] from" a removal proceeding when the parties are "challenging . . . removal proceedings."  Regents, 140 S. Ct. at 1907; see Madu, 470 F.3d at 1367.

12

This rule makes sense.  The zipper clause promotes judicial economy by consolidating "challenges to any action related to removal proceedings . . . with the review of the final order of removal."  14A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3664 (4th ed. Apr. 2020 update).  Here, because the Plaintiffs have not brought any challenge to Mr. Archila's removal proceedings, the zipper clause's channeling function has no role to play.

2.  Section 1252(g): Exclusive Jurisdiction

"Section 1252(g) is similarly narrow."  Regents, 140 S. Ct. at 1907.  This provision bars judicial review over "any cause or claim by or on behalf of any alien arising from the decision or action . . . to commence proceedings, adjudicate cases, or execute removal orders."  8 U.S.C. § 1252(g).  Section 1252(g) does not "cover[] 'all claims arising from deportation proceedings' or impose[] 'a general jurisdictional limitation.'"  Regents, 140 S. Ct. at 1907 (quoting Reno v. Am.-Arab Anti-Discrimination Comm. ("AAADC"), 525 U.S. 471, 482, 119 S. Ct. 936, 943 (1999)).  Instead, § 1252(g) bars challenges only to the "three discrete actions" enumerated in the statute.  AAADC, 525 U.S. at 482, 119 S. Ct. at 943.

The District Court held that the Plaintiffs' claims were barred by § 1252(g) because the relief sought in this case might have the practical effect of "moot[ing]" the removal proceedings against Mr. Archila.  Canal A Media, 369 F. Supp. 3d at 1321–22.  Here, too, the District Court engaged in an impermissibly broad reading

13

of one of § 1252's jurisdictional provisions.  When asking if a claim is barred by § 1252(g), courts must focus on the action being challenged.  Because the I-129 denial "is not a decision to 'commence proceedings,' much less to 'adjudicate' a case or 'execute' a removal order," the Plaintiffs' challenge to it is not barred. Regents, 140 S. Ct. at 1907; see also AAADC, 525 U.S. at 485, 119 S. Ct. at 944 (stating that § 1252(g) ensures challenges to the three discretionary actions mentioned in the statute are not heard "outside the streamlined process that Congress has designed").

## IV.

The Plaintiffs seek review of final agency action.  Their challenge is not barred by 8 U.S.C. § 1252(b)(9) or (g).  As a result, we reverse the District Court's dismissal of the Complaint for lack of subject-matter jurisdiction and remand for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**

NEWSOM, Circuit Judge, concurring:

I join the Court's opinion in full.  I write separately only to emphasize (what is to me, anyway) the obvious correctness of the Court's holding that USCIS's denial of Canal A Media's Form I-129 visa petition constituted "final agency action" within the meaning of § 704 of the Administrative Procedure Act.  *See* 5 U.S.C. § 704.

In determining whether agency action is "final" for APA purposes, the Supreme Court has emphasized, first and foremost, that "the action must mark the consummation of *the agency's* decisionmaking process," *Bennett v. Spear*, 520 U.S. 154, 177–78 (1997) (emphasis added) (quotation omitted), or, alternatively, that "*the agency* has completed its decisionmaking process," *Franklin v. Massachusetts*, 505 U.S. 788, 797 (1992) (emphasis added).  Those formulations tee up an important—and here, apparently dispositive—question:  What is the relevant "agency"?  It seems to me self-evident—and so far as I can tell, all agree—that the "agency" whose "decisionmaking process" we have to evaluate here is USCIS, the instrumentality of the federal government responsible for evaluating I-129 petitions.  *See* 8 C.F.R. § 214.2(*l*).

The government contends here—and the district court held—that USCIS's denial of Canal A Media's I-129 petition didn't constitute "final agency action" because Mr. Archila, on whose behalf Canal A Media sought the I-129, was still in

15

the middle of removal proceedings before an immigration judge. That is triply wrong—and, it seems to me, at the most basic level(s).

First, the government asks us to agency-jump. USCIS's decisionmaking process hasn't run its course, the government says, because an immigration judge is still working. But USCIS and the immigration court are altogether different "agenc[ies]." *Cf.* 5 U.S.C. § 701(b)(1) (defining "agency" to mean "each authority of the Government of the United States, whether or not it is within or subject to review by another agency"). More than that, they are housed in altogether different *departments*—USCIS exists within the Department of Homeland Security,[1] whereas the immigration court operates under the auspices of the Department of Justice.[2] The executive branch has an architecture—granted, not always perfectly elegant, but an architecture nonetheless—and the government's position defies it.

Second, not only are the agencies themselves different, the participants in the proceedings before them are different. The only party properly before USCIS was Canal A Media, the visa petitioner; Mr. Archila, although the petition's intended beneficiary, was not a party to the I-129 proceedings. *See* 8 C.F.R.

---

[1] *See Operational and Support Components*, U.S. Dep't of Homeland Sec., https://www.dhs.gov/operational-and-support-components (last visited July 7, 2020).

[2] *See Executive Office for Immigration Review*, U.S. Dep't of Justice, https://www.justice.gov/eoir (last visited July 7, 2020).

§ 103.2(a)(3).  Conversely, in the ongoing removal proceedings before the IJ, Mr. Archila is the lone participant; Canal A Media has no right to appear.

Finally, not only are the agencies different, and the parties before them different, but their respective jurisdictions—for purposes of this case, anyway—are different, as well.  While USCIS and immigration courts share jurisdiction over a limited range of issues—for instance, eligibility for Temporary Protected Status, *see, e.g.*, *Mejia Rodriguez v. U.S. Dep't of Homeland Sec.*, 562 F.3d 1137, 1140 (11th Cir. 2009)—only USCIS has authority to decide Canal A Media's I-129 visa petition, *see* 8 C.F.R. § 214.2(*l*)(1)(i); *Matter of Aurelio*, 19 I. & N. Dec. 458, 460 (BIA 1987).  The IJ handling Mr. Archila's removal proceedings has no jurisdiction to consider, grant, or deny Canal A Media's petition, let alone to review USCIS's denial.

At 30,000 feet, then, the government's position just can't be right.  USCIS's rejection of Canal A Media's I-129 petition is not non-"final" simply because a *different* agency that is housed in a *different* executive-branch department and is vested with jurisdiction over *different* issues and is presiding over a *different* proceeding involving a *different* party hasn't finished its *different* business.

17