[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-12811
Non-Argument Calendar

_____

D.C. Docket No. 6:13-cv-01027-PGB-LRH

ANESH GUPTA,

Plaintiff-Appellant,

versus

U.S. ATTORNEY GENERAL,
SECRETARY, U.S. DEPARTMENT OF HOMELAND SECURITY,
DIRECTOR, U.S. CITIZENSHIP & IMMIGRATION SERVICES
(USCIS),
U.S. CITIZENSHIP AND IMMIGRATION SERVICES (USCIS),
FIELD OFFICE DIRECTOR, ORLANDO FIELD OFFICE, USCIS,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 16, 2021)

Before: WILSON, ROSENBAUM, and BRASHER, Circuit Judges.

PER CURIAM:

Anesh Gupta, a *pro se* litigant, is a citizen of India who was previously granted a ten-year multiple entry visa. Before the expiration of that visa, he alleged that he had married a U.S. citizen. She had submitted a visa petition on Gupta's behalf, after which Gupta applied to adjust his immigration status. The U.S. Citizenship and Immigration Service denied both the visa petition and Gupta's application on the basis of marriage fraud. Upon denial of Gupta's petition, the Department of Homeland Security initiated removal proceedings against him. Gupta then filed suit in the district court and alleged that the government violated 8 C.F.R. § 103.2(b)(1), 8 C.F.R. § 287.8(c)(2)(vii), the APA, his marital privacy rights, and his right to due process under the Fifth Amendment in an attempt to change his immigration status. The district court granted summary judgment for the government and denied Gupta's motion for relief from judgment, Fed. R. Civ. P. 60(d)(3), and his accompanying motions for an evidentiary hearing and for a stay under the Administrative Procedure Act, 5 U.S.C. § 702.

On appeal, Gupta argues that the district court lacked jurisdiction to enter judgment against him because he was in the midst of removal proceedings and because his putative wife was not joined to the district court proceedings. Gupta also argues that he had proven that the government committed fraud on the court by

2

omitting material from the certified administrative record, that the court should have held an evidentiary hearing to discover the full extent of the alleged fraud, and that the court should have stayed its judgment. His arguments are meritless. We agree with the district court and affirm.

**I.**

We presume familiarity with the factual and procedural history and describe it below only to the extent necessary to address the issues raised in this appeal.

This appeal is the latest entry in Gupta's lengthy immigration dispute. The heart of the matter is that the government denied Gupta's application for adjustment of status and his putative wife's visa petition on his behalf. Because Gupta challenges the federal courts' jurisdiction over this matter, we briefly list the relevant dates in the parallel administrative and judicial proceedings as follows. In 2009, the U.S. Citizenship and Immigration Service denied the Form I-130 visa petition filed on Gupta's behalf. The basis for the government's denial was marriage fraud and that Gupta's putative wife had not responded to their questions about their marriage and so had abandoned her visa petition. The government then initiated removal proceedings against Gupta. During those proceedings, Gupta and his putative wife were interviewed, and the government reconsidered its denial of the visa petition. After reconsidering the denial, the government again determined that their marriage was not *bona fide*. On February 7, 2013, the government informed Gupta that it had

3

denied the visa petition and so his adjustment application was denied as well. On July 5, 2013, Gupta initiated proceedings in district court, and the court entered judgment against Gupta in 2015. Gupta filed the present Rule 60(d)(3) in 2020.

During the 2011 interview, Gupta stated that the pair were married only a few days after first meeting, he never had a wedding ring, and he could not recall the last time that they had kissed. The putative wife was not wearing a wedding ring during the interview, and she stated that she could not recall the last time that she and Gupta had had sex, that the pair had separate bank accounts, and that Gupta did not have a key to her house. The evidence also showed that the putative wife had never told her son that she was married, had never met any of Gupta's friends, did not provide many of the supporting documents that the government had requested, did not post bond when Gupta was in custody, and had not kissed Gupta since 2003.

Gupta alleges that the real reason his application was denied is because the United States and the Walt Disney World Company are conspiring to retaliate against him for accusing Disney of violating immigration laws. We have previously determined that Gupta "is a serial litigant." *Gupta v. U.S. Att'y Gen.*, 806 F. App'x 810, 812 (11th Cir. 2020); *see also Gupta v. U.S. Att'y Gen.*, 2017 WL 6075494, at *1 n.1 (M.D. Fla. Nov. 21, 2018) (noting that Gupta has filed twenty-one lawsuits in the Orlando Division of the Middle District of Florida since 2005 and is "dangerously close to being considered a vexatious litigant.").

The subject of this appeal is Gupta's complaint against various agencies and officials of the United States, Orlando, and Chicago. The government filed a motion to dismiss, accompanied by various portions of the administrative record. The court ordered the government to submit the complete administrative record and certify that it was complete. The government did so. But Gupta moved to hold the government in contempt for omitting page six of a seven-page letter about his Disney allegations that he sent to President Obama. That page was just Gupta's signature, personal information, and a list of people to whom he copied the letter. It was later determined that one page of Gupta's Form I-485 Processing Worksheet was also missing. That page refers to what the district court described as Gupta's potentially disqualifying criminal history.

The district court found that the administrative record was complete and that, although the page from the Obama letter and the page about Gupta's criminal history were inadvertently omitted, the government later supplemented the record provided to the court. The court also found that the government denied relief because of marriage fraud and because the putative wife had abandoned her petition—not because of the Disney allegations or Gupta's criminal history. The court granted summary judgment in the government's favor. About five years later, Gupta filed a Rule 60(d)(3) motion for relief from judgment and accompanying motions for an

5

evidentiary hearing and a stay. The court denied those motions. This appeal followed.

## II. DISCUSSION

Gupta argues that the district court erred in determining that he had not demonstrated fraud on the court by clear and convincing evidence, and that even if he had, he had not shown that the fact that pages were missing from the administrative record adversely affected the challenged outcome: summary judgment in favor of the government's decision to deny Gupta's adjustment of status application and accompanying visa petition. Gupta also argues that the district court lacked jurisdiction to affirm the administrative decisions on the I-130 petition and I-485 application, even though he concedes that it had jurisdiction to determine his adjustment of status. We conclude that the court did have jurisdiction and did not abuse its discretion in denying Gupta's Rule 60(d)(3) motion and motions for an evidentiary hearing and stay.

### A. Jurisdiction

Gupta argues that the district court lacked jurisdiction to review the government's decision to deny the Form I-485 application because he was in removal proceedings and the Form I-130 because his putative wife had filed that document and so was an indispensable party who was not joined to the proceedings. We review for subject matter jurisdiction *de novo*. *Univ. of S. Ala. v. Am. Tobacco*

6

*Co.*, 168 F.3d 405, 408 (11th Cir. 1999). We review a decision regarding the joinder of indispensable parties for abuse of discretion. *Winn-Dixie Stores, Inc. v. Dolgencorp, LLC*, 746 F.3d 1008, 1039 (11th Cir. 2014).

The district courts have jurisdiction to review "final agency action[s]." 5 U.S.C. §§ 702, 704. To be a final reviewable decision, "[f]irst, the action must mark the consummation of the agency's decisionmaking process—it must not be of a merely tentative or interlocutory nature. And second, the action must be one by which rights or obligations have been determined, or from which legal consequences will flow." *Canal A Media Holding, LLC v. U.S. Citizenship & Immigr. Servs.*, 964 F.3d 1250, 1255 (11th Cir. 2020) (quoting *U.S. Army Corps of Eng'rs v. Hawkes Co.*, 578 U.S. ----, 136 S.Ct. 1807, 1813 (2016)).

A U.S. citizen can petition for a visa for her spouse by submitting Form I-130 to the Citizenship and Immigration Service. 8 C.F.R. § 204.2(a). The spouse then files a Form I-485 to adjust his immigration status. 8 C.F.R. § 245.2. If the government denies the spouse's application for adjustment of status, the spouse may renew his application during removal proceedings. 8 C.F.R. § 245.2(a)(5)(ii) ("[T]he applicant, if not an arriving alien, retains the right to renew his or her application in proceedings under" removal proceedings.). But if the government instead denies the visa petition, then the government has issued a final decision because the immigration judge has no authority to alter it. *Canal A Media Holding, LLC v. U.S.*

7

*Citizenship & Immigr. Servs.*, 964 F.3d 1250, 1255–56 (11th Cir. 2020) (quoting *In re Aurelio*, 19 I. & N. Dec. 458, 460 (BIA 1987) ("[I]t is well established that immigration judges have no jurisdiction to decide visa petitions . . . .")).

A party is "indispensable" and must be joined if, "in that person's absence, the court cannot accord complete relief among existing parties" or "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence" may harm their ability to protect the interest. Fed. R. Civ. P. 19(a)(1).

Here, the district court clearly had subject matter jurisdiction. Gupta brought a claim under the Administrative Procedure Act, which is a federal statute. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the . . . laws . . . of the United States."). Although Gupta was in the middle of removal proceedings—and so had not yet exhausted his administrative remedies—while his complaint was pending, he later received a final reviewable decision when the immigration judge ordered the government to reconsider its denial of the visa petition and adjustment application. At that point, the agency issued a new, final decision that the court could review. Nor was Gupta's putative wife an indispensable party. She filed a Form I-130 petition for Gupta's benefit and the district court could grant him complete relief without her presence. And significantly, Gupta himself reported to the U.S. Citizenship and Immigration

8

Service that his putative wife no longer wished to pursue the I-130 petition, so he wanted to proceed without her. Not only that, but on each of the three occasions when Citizenship and Immigration advised Gupta's putative wife that it believed the marriage to be fraudulent and gave the putative wife time to respond in writing to demonstrate that the marriage was *bona fide*, the putative wife never responded. We conclude that the district court had subject matter jurisdiction over this action and did not abuse its discretion in refusing to join the putative spouse.

## B. Motion for Relief from Judgment

Gupta argues that the district court erred in denying his Rule 60(d)(3) motion for relief from judgment after it determined that he had not demonstrated fraud on the court. We review a district court's denial of a Rule 60(d)(3) motion for abuse of discretion. *See Cox Nuclear Pharm., Inc. v. CTI, Inc.*, 478 F.3d 1303, 1314 (11th Cir. 2007). We also review a district court's decision whether to hold an evidentiary hearing for abuse of discretion. *Cliff v. Payco Gen. Am. Credits, Inc.*, 363 F.3d 1113, 1121 (11th Cir. 2004). "A district court abuses its discretion if it applies an incorrect legal standard, applies the law in an unreasonable or incorrect manner, follows improper procedures in making a determination, or makes findings of fact that are clearly erroneous." *Giovanno v. Fabec*, 804 F.3d 1361, 1365 (11th Cir. 2015) (quoting *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244 (11th Cir. 2015)). A district court does not abuse its discretion in denying a request for an evidentiary

9

hearing for a Rule 60(b) motion when the hearing would not aid the court's analysis. *Cano v. Baker*, 435 F.3d 1337, 1342-43 (11th Cir. 2006).

Under Rule 60(d)(3), a court may set aside a judgment for fraud on the court. Fed. R. Civ. P. 60(d)(3). A movant seeking relief under that rule must establish that "an adverse party has obtained the verdict through fraud" by clear and convincing evidence. *Cox Nuclear*, 478 F.3d at 1314 (quoting *Frederick v. Kirby Tankships, Inc.*, 205 F.3d 1277, 1287 (11th Cir. 2000)). The movant must also show that the opposing party's fraud prevented him from fully presenting his case. *Id.* Only egregious misconduct—an unconscionable scheme to influence the court's decision, for example—will constitute a fraud on the court. *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978). Mere perjury or nondisclosure of relevant facts does not generally constitute fraud on the court because it can be exposed by the normal adversary process. *See Travelers Indem. Co. v. Gore*, 761 F.2d 1549, 1551–52 (11th Cir. 1985)) ("Fraud on the court is therefore limited to the more egregious forms of subversion of the legal process," unlike perjury or fabricated evidence, *i.e.*, "those we cannot necessarily expect to be exposed to by the normal adversary process.").

Here, Gupta failed to show by clear and convincing evidence that the government defrauded the district court. The omission of two pages from the administrative record did not impact the district court's decision to grant summary

judgment in favor of the government. Accordingly, the district court did not abuse its discretion in denying Gupta's Rule 60(d)(3) motion and accompanying motions for an evidentiary hearing and a stay. Gupta's allegation that the government omitted two pages from the administrative record—an allegation unrelated to whether his marriage was fraudulent—amounts to no more than nondisclosure of facts. As a matter of law, such allegations cannot be fraud on the court. *See Travelers Indem. Co.*, 761 F.2d at 1551–52; *Rozier*, 573 F.2d at 1338. Even if the facts had been relevant to his marriage, Gupta could have discovered the facts through the adversarial process.

Nor did the district court abuse its discretion in denying Gupta's motions for an evidentiary hearing or for a stay. The court had already addressed the completeness of the administrative record on several occasions and the allegedly missing documents were unrelated to the order that was the subject of Gupta's Rule 60(d)(3) motion. And once the court denied the Rule 60(d)(3) motion, any request for a stay became moot.

**AFFIRMED.**