[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-13709

Non-Argument Calendar

_____

VICTOR MANUEL FLORES GUERECA,

Plaintiff-Appellant,

*versus*

ACTING DIRECTOR, U.S. CITIZENSHIP AND IMMIGRATION
SERVICES,
DEPUTY     DIRECTOR,     U.S.     CITIZENSHIP     AND
IMMIGRATION SERVICES, NATIONAL BENEFITS CENTER,

Defendants-Appellees.

———————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:21-cv-01439-SDM-AEP

———————————

Before JORDAN, NEWSOM, and TJOFLAT, Circuit Judges.

PER CURIAM:

Victor Manuel Flores Guereca, a native and citizen of Mexico, appeals the District Court's dismissal of his complaint for declaratory relief against the Acting Director and Deputy Director of United States Citizenship and Immigration Services ("USCIS") for denying his application for adjustment of status. Flores Guereca argues that the District Court's dismissal of his complaint inflicted an actual and concrete injury on him because it eliminated his ability to stay in the United States and adjust his unlawful status. For the reasons set forth below, we affirm.

I.

Flores Guereca is an undocumented immigrant who entered the United States in February 1998. He married his spouse, another Mexican national, in September 2015. Today, they live in Florida with their 23-year-old son.

In June 2019, Flores Guereca and his wife sought to become lawful permanent residents of the United States. His wife's

application claimed that she was entitled to adjust her status because her father, a lawful permanent resident, filed a petition to have her recognized as his relative. Flores Guereca's application claimed that he was a derivative beneficiary of his father-in-law's petition. In January 2020, USCIS denied his application, stating that he was ineligible to have his residency status adjusted. He filed for reconsideration in February 2020. USCIS denied this motion in August 2020. In November 2020, USCIS approved his wife's application for adjustment of status.

In response, Flores Guereca filed a complaint against USCIS in the United States District Court for the Middle District of Florida on June 14, 2021. He alleged that USCIS failed to comply with the Administrative Procedure Act ("APA"), and that its denial of his request for adjustment of status was unlawful.

In July 2021, he was served with a Notice to Appear in a removal proceeding, charging him as being present in the United States without being admitted or paroled. According to the Government, that proceeding is currently pending in Orlando, Florida. Following that notice, USCIS filed a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). USCIS argued that because Flores Guereca could challenge the denial of his motion for adjustment of status in the removal proceedings, the denial was no longer "final agency action," and the District Court lacked subject matter jurisdiction. In opposing the motion, Flores Guereca argued that subject matter jurisdiction attaches when he filed the complaint, and

4                    Opinion of the Court                    21-13709

therefore, the removal proceedings initiated after the filing did not deprive the Court of jurisdiction. The District Court agreed with USCIS on September 24, 2021, and dismissed the case. Flores Guereca appealed.

## II.

We review *de novo* dismissals for lack of subject matter jurisdiction. *Canal A Media Holding, LLC v. U.S. Citizenship & Immigr. Servs.*, 964 F.3d 1250, 1255 (11th Cir. 2020). Dismissal because a challenged agency action was not a final order is a dismissal for lack of subject matter jurisdiction. *Id.*

## III.

The APA allows a party to seek judicial review of final federal agency actions. 5 U.S.C. §§ 702, 704. To be a final reviewable decision, "[f]irst, the action must mark the consummation of the agency's decisionmaking process—that is, it must not be of a merely tentative or interlocutory nature. And second, the action must be one by which rights or obligations have been determined, or from which legal consequences will flow." *Canal*, 964 F.3d at 1255 (quotation marks and citation omitted).

The Immigration and Nationality Act ("INA") "governs how persons are admitted to, and removed from, the United States." *Pereida v. Wilkinson*, 141 S. Ct. 754, 758 (2021). In general, an alien present in the United States may apply to adjust his status to that of an alien lawfully admitted for permanent resi-

dence.  8 U.S.C. § 1255.  To qualify for adjustment of status, an alien must have been admitted or paroled following inspection to the United States, or in other words, residing lawfully within the United States.  § 1255(a).  In that case, the admitted or paroled alien is eligible for adjustment of status if "(1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed."  *Id.*

An exception applies to the admitted or paroled requirement—that is, for those unlawfully within the United States—if the alien meets the requirements of § 1255(i)(1), called the "grandfather" provision.  Section 1255(i) is met where an alien is the beneficiary of a petition for classification under 8 U.S.C. § 1154, that was filed before April 30, 2001, and the alien was physically present in the United States on December 21, 2000.  *See* § 1255(i)(1).  A beneficiary is either the "principal alien" for whom the petition for classification is filed, or the spouse or child "accompanying or following to join" the principal alien.  § 1255(i)(1); § 1153(d).  So, the spouse or children of a principal alien may also seek to adjust their status under § 1255(i).

6                    Opinion of the Court                    21-13709

Petitions for classification under § 1154 are made through an I-130 Alien Relative Petition ("I-130 petition").[1]  Citizens and lawful permanent residents file I-130 petitions to establish a legal relationship between themselves and their spouse.   § 1154(a)(1)(A)(i), (a)(1)(B); 8 C.F.R. § 204.2(a), (e); *Alvarez Acosta v. U.S. Att'y Gen.*, 524 F.3d 1191, 1194 n.6 (11th Cir. 2008).[2]  Then, if the I-130 petition is granted, the beneficiary of the petition files a Form I-485 application to adjust his immigration status to an alien lawfully admitted for permanent residence.  8 C.F.R. § 245.2; *Alvarez Acosta*, 524 F.3d at 1194 n.6.  If USCIS denies the I-485 application, the alien may renew his application during removal proceedings.   8 C.F.R. § 245.2(a)(5)(ii); *Ibarra v. Swacina*, 628 F.3d 1269, 1269–70 (11th Cir. 2010).

In *Ibarra*, we addressed the extent to which an alien was required to exhaust her administrative remedies before filing a suit under the APA, based on USCIS's denial of her Form I-485

---

[1] In his complaint, Flores Guereca alleged that his wife was the daughter of a legal permanent resident who had filed an I-130 petition on her behalf on April 26, 2001.

[2] A spouse of a citizen is classified as an "immediate relative," whereas the spouse of a lawful permanent resident is deemed to be a "preference immigrant."  8 U.S.C. 1151(b)(2)(A)(i); 8 C.F.R. § 204.1(a).  Immediate relatives are not subject to worldwide level limitations on the issuance of the number of visas, whereas preference immigrants are subject to a limited number of visas issued annually.  *See* 8 U.S.C. § 1151(b) (listing "immediate relatives" among the categories of immigrants not subject to numerical limitations on the number of visas issued annually).

application for adjustment of status. 628 F.3d at 1269. We determined that Ibarra had not exhausted her administrative remedies, and thus the district court lacked subject matter jurisdiction over her complaint under the APA, because the alien was "currently in removal proceedings" and had "another opportunity to obtain adjustment of status." *Id.* at 1270; *cf. Canal*, 964 F.3d at 1255–56 (holding that jurisdiction existed where the plaintiff was a company seeking judicial review of the denial of a visa petition because the company was not a party in the removal proceedings). We distinguished Ibarra's situation from that of the alien in *Mejia Rodriguez*, in which we held that USCIS's decision denying relief was a final decision because Mejia Rodriguez had already gone through removal proceedings before his application for relief was denied by USCIS. *Ibarra*, 628 F.3d at 1270 (citing *Mejia Rodriguez v. U.S. Dep't of Homeland Sec.*, 562 F.3d 1137, 1145 (11th Cir. 2009)). Thus, when an alien is in removal proceedings, the immigration judge ("IJ") has exclusive jurisdiction to consider his claims for relief and a district court cannot grant relief on a complaint challenging USCIS's decision. *See* 8 C.F.R. § 1245.2(a)(1); *see also Ibarra*, 628 F.3d at 1270.

Finally, we "generally refuse to consider arguments raised for the first time on appeal." *Ramirez v. Sec'y, U.S. Dep't of Transp.*, 686 F.3d 1239, 1249–50 (11th Cir. 2012). But we have the discretion to review forfeited issues under five circumstances: "(1) the issue involves a pure question of law and refusal to consider it would result in a miscarriage of justice; (2) the party lacked

an opportunity to raise the issue at the district court level; (3) the interest of substantial justice is at stake; (4) the proper resolution is beyond any doubt; or (5) the issue presents significant questions of general impact or of great public concern." *United States v. Campbell*, 26 F.4th 860, 873 (11th Cir. 2022) (en banc).

## IV.

On appeal, Flores Guereca raises two arguments. He first states that the denial by USCIS was a final agency action, because it was the "consummation" of the agency's decision-making process. Second, he argues that the denial was final because the IJ cannot consider his application for adjustment of status because he cannot renew his § 1255(i) application without his spouse present as a party to the proceedings. Guereca did not make his second argument to the District Court, so this issue is forfeited. *See Campbell*, 26 F.4th at 871–72.

As to the first argument, the denial of Flores Guereca's motion is non-final because it may be modified by a later administrative decision in the removal proceeding. Flores Guereca admits that he is the subject of removal proceedings by USCIS. Accordingly, *Ibarra* makes clear that USCIS's decision denying his application to adjust status is no longer a final decision. 628 F.3d at 1270.[3] This is not a case where removal proceedings have con-

---

[3] We are bound by *Ibarra* under the prior panel precedent rule, and Flores Guereca does not assert a Supreme Court opinion or an opinion of this

cluded and a final order of removal is instituted. *See id.* (citing *Mejia Rodriguez*, 562 F.3d at 1145). Here, the removal proceedings are currently pending in Orlando, Florida, and Flores Guereca can renew his application for adjustment of status before the IJ. *Id.* That IJ has the authority, under 8 C.F.R. § 1245.2(a)(1), to consider an application for adjustment of status during the removal proceedings. Flores Guereca must exhaust that administrative remedy before seeking relief in this Court. *Id.* at 1269. Accordingly, the denial of his motion by USCIS is interlocutory and non-final. *See Canal*, 964 F.3d at 1255.[4] The District Court therefore lacked subject matter jurisdiction.

As to his second argument, that the IJ cannot consider his claim, because his wife is not a party to the removal proceeding, is forfeited. We decline to review this issue under the principles set out in *Campbell*.

**AFFIRMED.**

---

Court sitting en banc overruled or undermined *Ibarra* to the point of abrogation. *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008).

[4] Because we affirm on this ground, we need not consider USCIS's argument that the District Court separately lacked jurisdiction under our circuit precedent in *Patel v. Att'y Gen.*, 971 F.3d 1258, 1262 (11th Cir. 2020) (en banc), *aff'd*, *Patel v. Garland*, No. 20-979, slip. op. at 17, 2022 WL 1528346 (U.S. May 16, 2022).